From Lexington, Kentucky, I represent Michael Snow Sr. and I'd like to request two minutes for rebuttal, please. All right. Your Honors, this case involves the imposition of a 10-year mandatory minimum sentence under the applicable sentencing statute relative to trafficking in more than 28 grams of crack cocaine, which normally would carry a five-year mandatory minimum sentence, but because of a prior felony drug possession charge against Mr. Snow that he pled guilty to in the Fayette Circuit Court in 2001, that sentence was enhanced under 851 to 10 years. There's two challenges to the enhancement portion of this sentence, and it's our request that this matter be remanded for either additional proceedings or resentencing under the guideline range, which would be 63 to 78 months. What are the main grounds for attacking a previous conviction like this? Well, unfortunately for my client, because his prior conviction is more than five years old as of the date of this case, his only grounds is that it was taken in violation of the principles of Gideon. But he had counsel in the case, right? He did have Mr. Dave Franklin, who I know well and who's a good lawyer, representing him. So how do you attack it? Well, the reason I think that this case implicates Gideon is because, and this is in the record, it was both through a proffer that Judge Caldwell allowed me to make as well as testimony of Mr. Snow at sentencing. He had what we call in the defense bar a graduated fee schedule, which is you go, client comes, defendant comes to the lawyer, lays out what his charges are. The lawyer says, it's going to cost so much money to retain me. That's going to get you through certain stages of the proceeding. If we get to a point in the proceeding where we're not going to get the case resolved and there's going to be a trial, it's going to be an additional fee. At that time, Mr. Snow was 21 years old. It was his first involvement with the criminal justice system. And I do recognize, obviously, Judge Silas, the clear burden and issue I've got to overcome here, which is he had very able counsel next to him when these proceedings took place. What's your best case to show you can do it this way? Is there a good, hot case out of this circuit or some other? Unfortunately, there's not. I think this is somewhat of a unique case in part because, and I've been on the CJA panel for many, many, many years, and this isn't the first time I've had a client who has been subject to an enhanced penalty because of a prior conviction, but it may be one of the first times I've had a client who not only is subject to an enhanced penalty because of a prior conviction, but you've got two factors. One, he had a retained attorney in the proceedings of the prior conviction and not an appointed attorney. And then secondly, we've got this terribly misleading and confusing, in my opinion, waiver of rights that the Fayette Circuit Court uses. The Administrative Office of the Courts in Kentucky has a standard motion to enter a guilty plea, change of plea form, which contains all the waiver of rights. For whatever reason, I'm not saying Fayette County is unique out of the 120 counties in Kentucky, but it's certainly an exception that they don't use the form put out by the Administrative Office of the Courts, but they use their own form, and it's set out on page 13 of my brief. There's several sections of the waiver of rights, but the three that are implicated here is the form advises the client that he has the right to have the assistance of counsel for defense at all stages of the proceeding, including sentencing, that he has the right to appeal any conviction, and that if he cannot afford an attorney to assist him in his appeal or the cost of an appeal, that those will be furnished to him free of charge. The mentioning of appointed counsel for purposes of appeal and the absence of the right to appointed counsel at other critical stages of the proceeding for a 21-year-old man, first involvement with the criminal justice system, who has a retained attorney who, based upon the fee agreement, has a limited scope of engagement, I think it's unique. I can't point your honors to a case. I can try and put it in this context. If the Kentucky General Assembly were to determine that the funding for the Department of Public Advocacy was limited that public defender's role was up to and including a guilty plea, or if the public advocate in the state said, we're tied on funds and we're going to represent our clients up to and through a guilty plea but not further, I think that would violate Gideon. And Mr. Snow found himself, albeit incorrectly, misinformed, found himself in that box. He felt he was in that box. I cannot afford to go forward. It is in my best interest to accept this plea. There's other elements of this plea that would show it was very confusing, that perhaps it was not totally informed. Because it's outside five years, admittedly I can't raise them in attack of the conviction itself, but I think in context they show that this was a confusing, perhaps misinformed Your client had been given this form by the court stating that he was entitled to appointed counsel. And in addition to that, of course, he had retained counsel. So doesn't that make your argument go away? It's certainly not a Gideon issue. The motion to enter a guilty plea and waiver of rights says he has the right to counsel at all critical stages of the proceeding, including sentencing. It's silent as to circumstances where he could not perhaps afford counsel. And Mr. Snow testified before the district court that he was of the impression that once you pay for a lawyer, you've made that choice and you don't qualify for a court-appointed lawyer. Well, at that point in time he still had a retained lawyer. He did have a retained lawyer. He misunderstood what he was advised of in writing. That's not enough to give rise, at least in his circumstances, to a Gideon problem. He didn't spend time without the assistance of a lawyer, did he? No, he was represented throughout the stages. So there's no Gideon issue here. Well, the reason we believe it bleeds over into Gideon is because his lawyer was engaged on a basis that took him up through and including a guilty plea. Admittedly, my client was misinformed. The problem was his misperception. Well, he testified at the sentencing hearing. Well, let's set aside his testimony, which one could say is self-serving. Just objectively, what misinforms him? The ambiguity of the waiver of rights that says. And so I guess your argument is that the form says he has the right to counsel throughout, but you're saying it omits to say that the state will pay for the lawyer if you cannot afford one. Yes, which is what Miranda would require when you're being advised of your rights. Okay, but, you know, I mean, if we look at the plea hearing, correct me if I'm wrong, I mean, the state judge said to him, you have the right to be represented by an attorney. If you cannot afford an attorney, one will be appointed to represent you. He did, Judge Kethledge, and my argument before the district court was that Judge Clark, the Fayette Circuit court, state court judge, I think did a good job. He did exactly what he's supposed to do. Isn't that the end of it? Well, I think it's not a silent record, but it's an ambiguous record. I don't know what's ambiguous. I mean, it would be one thing if the form affirmatively said something to the effect that you have to pay for your own lawyer, and then we'd have a conflict between the form and the judge. Here we have the form saying something that's totally correct, perhaps not as comprehensive as you would like, but then we have the judge just speaking to the defendant right then and there. We will appoint one for you if you can't afford it. That's why we have plea colloquies. I understand, and what I can offer in response to that is, and I mentioned this at the district court, the written form is gone through between the defendant and defense counsel. It's not under the time constraints of standing up at a podium like this in front of a circuit judge pleading guilty to a felony. You've got the opportunity for deliberate thought. You've got the opportunity to ask questions. The lawyer has the opportunity to explain things, and I just think that Judge Clark's comment, while correct, I think was not enough, at least in my client's mind, to make this an informed and intelligent guilty plea. It wasn't enough to disabuse him of his misunderstanding, his misperception. I've got other arguments related to Holder. Mr. Lewis's case addresses those. Quite frankly, his brief addresses them much more thoroughly than mine does. I'll address those on my rebuttal as I see that I'm out of time here. All right. Thank you. Good morning. May it please the court, my name is Dustin Dow. I represent the other appellant here today, Ashton Sincer-Lewis. I'll reserve three minutes for rebuttal. Your Honors, like Mr. Snow, Mr. Lewis is challenging his sentence on Eighth Amendment proportionality grounds and for statutory procedural errors that occurred below. There are, however, some important factual and legal distinctions between the two cases. Namely, when you look at the gravity versus harshness test that applies to Mr. Lewis's sentence, his 10-year mandatory minimum sentence is grossly disproportionate to the crime that was committed. Secondly... The crime was possession with intent to distribute, right? Technically, that is what he was guilty of, although the factual particulars of that is that he received a $50 lookout fee as a result of someone else's drug transaction. What's your best case, because some of these cases are way out of proportion, but the Supreme Court says they're okay and they're not a violation of the Eighth Amendment. That's absolutely correct, Judge Seiler. The best case here is the Supreme Court's 1983 case, Solem v. Helm, where the Supreme Court reversed a lifetime sentence for passing bad checks, and that sentence was enhanced from five years to life based on prior recidivism. That recidivism included six prior felonies, most of which were nonviolent, but one of which included a burglary. And the Court said no penalty is per se constitutional. Now, it's absolutely true that this Court has always rejected Eighth Amendment proportionality challenges to mandatory minimum sentences, but it's also true that there's no case that I'm aware of where someone is serving 10 years' time for someone else's crime. And if there's any case in which a mandatory minimum sentence is grossly disproportionate to the crime that was committed, it's this one. Now, the government points to Mr. Lewis's recidivism. They largely ignore the $50 for 10 years facts of this case, and they say that recidivism is his Achilles' heel, and they point to this Court's 2014 Young case. That's an important case because in Young, the recidivism really was the issue. There, you had this Court upholding a 15-year mandatory minimum sentence for a felon in possession conviction. And the Court looked at the recidivism, which included 11 previous violent felony charges as well as four convictions for burglary and aggravated burglary. The Court also said, and this is at 766 F. 3rd. 627, recidivism does not render any sentence constitutional. The crime still must be sufficiently grave in combination with the recidivism. And so here the recidivism includes two prior convictions, a 2007 conviction and a 2009 conviction for possession of less than 2 grams of crack cocaine each. Those quantities are less than a sugar packet's sample. They do not reflect distribution or dealing. They reflect only personal use. And so when you combine his recidivism, those two relatively insignificant convictions, with the crime in this case, that's where you get the gross disproportionality of a 10-year sentence for receiving $50 for someone else's crime. Well, I mean, are you challenging the District Court's determination that Mr. Lewis is responsible for the 42 and 47 grams of cocaine? We're not challenging that insofar as Mr. Lewis is guilty of brokering that deal, and technically he is guilty. He pled guilty because he is guilty. Guilt, technical guilt under the statute, however, does not automatically render a sentence constitutional. Sure. Well, I mean, the sentence and the guilt are two different things. I mean, the problem I have with your argument is it seems like Blewitt, you know, which is a non-bond case, is a real problem for you because there you had 10-year mandatory minimums, and the quantities were lower. About 20 grams, about 27 grams of crack as opposed, was it cocaine base in this case? It was, it was. As opposed to 42 and 47, and we specifically said that did not violate the Eighth Amendment. That's absolutely true, Your Honor. The key distinguishing characteristic, though, is in Blewitt, the defendants were the actual traffickers. In this case, the trafficker was a gentleman named Brother Love. They were the Brother Loves of this case. Here, Mr. Lewis introduced the confidential informant to Brother Love, and Brother Love and the confidential informant engaged in the transaction. So, I mean, does the Constitution require that we treat brokers, you know, more leniently than traffickers? I mean, is that a, you know, constitutional rule? The Eighth Amendment's proportionality principle does require that. In Young, this court said you have to look at the gravity of the facts of the crime versus the harshness of the sentence. Here, the gravity of this crime is, Mr. Lewis' crime is very low. He introduced two people. He brokered a deal. He didn't handle the drugs. He didn't receive the money, and quite frankly, he received a 10-year sentence, whereas Brother Love received a 7-year sentence. What about in another kind of a case like a lookout for a bank robbery? He just stands outside and looks around and watches for the police, but somebody's killed in the bank robbery. Would it be fair to give him a 10-year sentence as a conspirator and something like that? Set aside the drugs, you know. Judge Levy, given your example, it may be given the involvement of that particular person in that case. Here, the pre-sentence report indicates only, and keep in mind this is a 17-month sting operation, and in 17 months they have one instance involving Mr. Lewis when he receives a phone call from the confidential informant. Mr. Lewis, who is not a drug dealer, did not have any drug to sell, only knew that Brother Love did, and so he introduced him to Brother Love, and they conducted their transaction. Now, when you combine that with the two very, very minor prior convictions that are used to enhance his sentence, that's where you get the gross disproportionality. Mr. Lewis has been in federal prison since October 25, 2012. That's 1,176 days. At $50, that's about 4.2 cents per day and dropping every day. What is the legal rule by which he's held responsible for the full 42 and 47 grams? Is it a sentencing guidelines provision? Is it conspiracy? It's conspiracy under Section 841. Okay, so your argument would really have to be that that conspiracy provision is unconstitutional, violates the Eighth Amendment as applied here, because otherwise if he's dealing, blew it is the end of the argument. That's absolutely correct, Your Honor. As applied here, yes, that provision violates the Eighth Amendment because it required the district court judge to enhance his sentence to 10 years under Section 851. There's no discretion there. So, yes, as applied, just like in Solon v. Helm, as applied, it violates the Eighth Amendment. So we respectfully request remand for resentencing. May it please the Court, John Grant for the United States. The Eighth Amendment argument that the defendants are trying to make, I think, really is foreclosed by the Blewitt case. And although, you know, this, for example, Mr. Snow may not, or Mr. Lewis, they may not be the worst offenders. I mean, Mr. Lewis pled guilty to being part of a conspiracy, and he would have had to have stood up in court and said yes when he brokered the deal. He knew he was part of this conspiracy to set up the buyer and the seller so that 47 grams of crack cocaine could be distributed. Just that one deal, right? Yes. One transaction. Yes, yes, yes. But, you know, the important thing is that this Court has said, like in the Young case, that what's important in these mandatory cases where someone is receiving a higher sentence is because of their criminal history, of course. That didn't matter here, right? Well, that's what gave him the 10 years, the fact that he had a prior felony. Well, it's not getting one plus the quantity, correct? Yes, yes, yes. So that's what threw him to the 10 years, which is what they're objecting to. What was his priors in this case? He had three prior drug felonies in Kentucky, three prior convictions, and two were felony possession convictions. But he also had a ton of other convictions. And his guidelines, he had 12 criminal history points. So his guideline range wasn't even that much lower than the mandatory minimum. What was the range again? The top of his range, I think, was 15 months below the 120. So it would have been 80-something to 90-something, something like that. So, you know, based on his criminal history, the advisory range, even if the mandatory minimum didn't apply, the court could have certainly sentenced within the advisory range or probably gone a little bit above it for some kind of aggravating reasons. Kind of a tough use of the 851 here. I mean, you know, he gets 50 bucks out of this deal. I totally understand everything you're saying about his history and everything and, you know, this conspiracy. But boom, you know, and then it's right to a mandatory minimum. The judge can't think of anything else. Well, there's one other very significant factor, and that was he was on parole at the time. So here's a guy that's actively on parole, and what's he doing? He's getting more involved in criminal activity. Was he paroled from a drug case? I think it was, Judge. Yeah, so, you know, that's something that's very offensive to the court. Here he is, you know, supposed to be meeting with his parole officer and following the law, and yet he's getting involved in drug transactions again. So, and the 851 collateral attack, that is foreclosed by the Reed case, a case from 1998, which says to succeed once, you know, because I think what Snow is basically trying to do is he's trying to formulate a collateral attack as if it's within the five years. So the conviction is more than five years old. You can't attack it unless you can show you didn't have counsel. That's what Reed says. It's not all these other things about what the form says and all this. He had counsel, and I think that's all there is to it. Is the question in those cases objective, i.e., did, in fact, he have counsel, or is it subjective, did he think he would not have counsel? It's objective. You know, when he went and entered his plea, did he have counsel so that he made a knowing, and that's the whole point, was he represented by counsel when he entered the prior plea that threw him into the 10-year mandatory minimum? That's the end of it. You can't say we had a poor counsel or give or any of that stuff. That's the end of it. That's right, Judge Soller, because, you know, that's throwing it back into the pre-five-year range where you can do those kind of things if the conviction is less than five years old. I'm sorry, which kind of things? Oh, you know, to go through and try to attack on other grounds beyond did you have counsel. You know, like was it a knowing and voluntary plea? And, you know, if it's less than five years, the Congress has said if it's less than five years, you can bring other things up. But if it's past five years, if you had counsel, then you can't challenge it. And it's whether you had counsel at the plea up to entering the plea. Exactly. When you entered your plea, did you have counsel when you entered your plea? And the Reed case basically foreclosed that argument. If there are no further questions, the United States pleaded to rest on its brief. All right. Thank you. Your Honors, as to that last point, Judge Kethledge, subjective versus objective, one thing that I don't think anybody in this room would dispute is that in order to be constitutionally valid, a plea has to be not only knowing but has to be voluntary. But that's within five years. I mean, that's exactly. I mean, I'm thinking along the same lines, you know. I mean, you're making an argument that subjectively he thought he would not necessarily be able to have counsel at trial, and so it's not voluntary, right? Right. But isn't voluntariness something that you must challenge within five years? Well, I think if the reason it's not voluntary, if the reason it's arguably not voluntary is because he felt he only had one option, and it's not really a voluntary decision if you're compelled to do it, and the option is to proceed without a lawyer, then I think this case is very unique, given the confluence of these factors. And I understand the court doesn't have the same problem with the plea colloquy combined with the written plea agreement that Mr. Snow has. But I think if the issue that arguably makes it involuntary is I didn't think I'd have counsel, I do think it implicates giddy-up. Well, Snow couldn't even attack one that's over five years old by saying he was insane, so therefore he couldn't pay attention to what the lawyer said. But he can't do that, can he? If he's got the lawyer there, he can't say, well, I was. The law is clear that in order to collaterally attack a sentence more than five years old under 851, it has to be a plea taken in violation of Gideon. And it's our contention that because of the misunderstanding he had, bolstered by the confusing nature of the written plea agreement, which we believe was not rectified by Judge Clark's very good work from the bench, that this implicates the violation of Gideon. As to the disproportionality, again, Mr. Lewis's counsel has done an able job on that. The only other point I would make is that the district court really didn't go through any analysis as to whether Mr. Snow's sentence wasn't disparate or wasn't unduly harsh. And we would think at a minimum she just took the position that the Holder Memorandum affords Mr. Snow no avenue of relief, but she didn't undertake an actual analysis that we were making, which is the Holder Memorandum isn't the relief we're going under. It's extrinsic evidence of why this sentence would be unduly harsh and therefore violate the Eighth Amendment. I say I'm out of time. Without any further questions, I'll sit down. Thank you, Your Honors. Thank you very much. And the case is submitted. We have one more. Oh, that's right. We sure do. I don't want you to forget that. I apologize, Your Honors. So just real quickly, I want to explain that, yes, Mr. Lewis was on parole at the time of his arrest, but he was on parole for possession convictions. The two prior convictions in 2007 and 2009 were for possession quantities. Again, 1.9 grams of crack cocaine and 1.8. Were they felonies? The 2009 one would qualify as a drug felony. The 2007 one, however, was entitled to a presumption of probation, and Mr. Lewis received probation for that. He did not receive jail time. Which is what would be required to be a drug felony under 21 U.S.C. Section 802. So he would be able to challenge that conviction under 851B as a drug felony to enhance his sentence because it would not qualify as a drug felony. And so it's important to understand that the two convictions that were used to enhance his sentence didn't involve trafficking. This is not a repeat drug trafficker. This is a street-level user who got caught up in someone else's drug transaction. Now, to clear up any confusion about the 851 issue and the timeliness of challenging them, Mr. Lewis had two convictions, one in 2007 and one in 2009. The district court did not follow the 851B procedures when enhancing his sentence to 10 years because she didn't engage in the colloquy, and the government concedes this in page 20 of their brief, and ask him to affirm or deny the convictions or explain to him the consequences of failing to do so. Had she done so, we'd be dealing with a very different record here, particularly as it deals with the facts of the 2009 conviction and the 2007 conviction. Even though the 2007 conviction is beyond the five-year limitations period, that limitations period in 851E only applies to attacking the validity of a prior conviction. And there are two different ways under 851D to attack a prior conviction. One way is to attack the validity of it. The other way is to attack the conviction as it's alleged in the PSR. And so Mr. Lewis would have been attacking the 2007 conviction as it's alleged as a drug felony in the pre-sentencing report. That is not beyond the five-year limitations period. And so because you have a sentence that was challenging it because it's not a felony now as opposed to being a felony. Here's my understanding. When he pleads to this, it was punishable by more than a year. When he pleads to the 2007 conviction? Yes. Yeah. It was entitled to a presumption of probation under Kentucky law. At the time he pled? At the time he pled in 2007. I thought the law changed in the meantime and you were relying upon the change in the law. It's my understanding when he received probation, he received three years probation for the 2007 conviction. He did not receive any jail time at all. Okay. But, I mean, if the test under 80244 is whether it's punishable by more than one year, it was, right? There's a presumption, but you can still get sent away for multiple years. Had the district court followed the 851B procedures, however, Mr. Lewis would have been entitled to challenge that, and he would have been entitled to a hearing where the court would have had to have found, by a reasonable doubt, that it was punishable by up to a year and was, therefore, a drug felony. But if we look at the statute itself, it makes clear it was punishable by a year, more than a year. I don't think that has been fleshed out by the case law. Certainly, it was entitled to a presumption of probation. Sure. But your position is not that nobody could be sentenced to one or more years or more than a year of prison for this very offense, right? No, that's not our contention. I mean, people could be. Isn't it, therefore, punishable by more than a year? Generally speaking, yes. As to Mr. Lewis, it was not because he received the probation. He was entitled to the presumption of probation. Okay. Thank you, Your Honors. Thank you. I see that both defense counsel were appointed pursuant to the Criminal Justice Act, and we know that you do that as a service to the court and to our system of justice, so we very much want to thank you for accepting the appointments. And you may adjourn court.